NOT DESIGNATED FOR PUBLICATION

No. 117,109

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD LLOYD SWISHER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 22, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Edward Lloyd Swisher appeals the district court's revocation of his probation and imposition of prison sentences in three cases. We granted Swisher's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48) which, in its response, the State did not contest. After reviewing the record, we affirm the district court's judgment.

In case 13CR1016, Swisher pled guilty to one felony and two misdemeanor charges. The district court sentenced Swisher to jail on the misdemeanor convictions and 18 months in prison on the felony conviction but placed him on probation from that sentence for 18 months. Swisher was ordered to serve his jail sentence for the

1

misdemeanors before beginning probation. Swisher completed his jail sentence then began his felony conviction sentence of probation. Subsequently, the State sought to revoke Swisher's probation on the grounds that he committed new violations of the law. At his plea hearing in his new case 14CR858, which was also his probation violation hearing, Swisher pled guilty to three misdemeanors and a traffic infraction and stipulated to violating his probation in his previous case. For his new misdemeanor convictions, the district court sentenced Swisher to 12 months in jail but placed him on 12 months' probation and ordered the sentence to run consecutively to the felony probation sentence in his previous case. For his probation violation in 13CR1016, the district court ordered a 60-day jail sanction, reinstated his probation, and extended his probation for 12 months.

Swisher was again charged with new crimes in case 15CR690, prompting the State to seek revocation of his probation. At a combined plea and probation revocation hearing, Swisher entered a no contest plea in 15CR690 to three new misdemeanor crimes and stipulated to violating his probation in his earlier cases. In 15CR690, the district court sentenced Swisher to 12 months in jail but again placed him on probation for 12 months. In 13CR1016 and 14CR858, the district court imposed a 120-day prison sanction and extended Swisher's probation for 18 months.

Several months later, while Swisher was still on probation, the State again sought to revoke his probation, alleging, among other things, that Swisher had committed new crimes. Swisher once again stipulated to the violations. The district court revoked his probation and ordered him to serve his underlying prison and jail sentences. Swisher appeals, arguing that the district court abused its discretion with this order.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable

2

person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Swisher bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Specifically, Swisher appears to argue that the district court abused its discretion when it revoked his probation and ordered him to serve his prison sentence. K.S.A. 2016 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison in a felony case, and K.S.A. 2016 Supp. 22-3716(c)(1)(E) provides that a district court may remand a probationer to serve the balance of his or her prison sentence only after a 120-day prison sanction has been imposed. However, K.S.A. 2016 Supp. 22-3716(c)(8)(A) allows the district court to wholly bypass the intermediate sanctions provisions of the statute if the defendant has committed a new felony or misdemeanor while on probation.

Here, it is undisputed that the district court had previously imposed a 120-day prison sanction prior to revoking Swisher's probation and imposing his underlying prison and jail sentences. It is also undisputed that Swisher stipulated to the commission of new crimes while on probation. Swisher makes no showing that a reasonable person could have disagreed with the district court's decision because it was entitled to revoke his probation and impose Swisher's underlying prison and jail sentences. The district court did not abuse its discretion.

Affirmed.